NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 8 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORINA ANN FEJERAN, AKA Lori Leon Guerrero,

Defendant - Appellant.

No. 25-2837

D.C. No.
1:24-cr-00003-JCC-1

MEMORANDUM*

Appeal from the District Court of Guam
John C. Coughenour, District Judge, Presiding

Argued and Submitted June 22, 2026
Honolulu, Hawaii

Before: N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Lorina Ann Fejeran appeals the district court's imposition of a 120-month

sentence following her guilty plea to one count of conspiracy to distribute fifty or

more grams of methamphetamine hydrochloride and one count of engaging in

monetary transactions with proceeds of specified unlawful activity. *See* 21 U.S.C.

§§ 846, 841(a)(1), 841(b)(1)(A)(viii); 18 U.S.C. §§ 2, 1956(a)(1)(B)(i), 1961(1).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's compliance with Federal Rule of Criminal Procedure 32, *United States v. Carter*, 219 F.3d 863, 866 (9th Cir. 2000), and vacate and remand for resentencing.[1]

1. The district court erred by not following the procedures set forth in Rule 32. Where, as here, a defendant disputes the factual accuracy of the presentence report (PSR), the district court at the time of sentencing must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B); *see Carter*, 219 F.3d at 867. "[A] ruling on a dispute is an explicit factual finding that resolves the dispute." *United States v. Job*, 871 F.3d 852, 869 (9th Cir. 2017) (citation modified). Fejeran challenged the PSR's factual assertions that she had connections to the Lafradez organization, recruited Steven, and directed others' wire transfers, all of which bore upon the aggravating role sentencing enhancement. *See* U.S. Sent'g Guidelines Manual § 3B.1(c) (2025); *United States v. Whitney*, 673 F.3d 965, 975 & n.6 (9th Cir. 2012).

When Fejeran raised those objections at sentencing, the court responded, "I

---

[1] Fejeran did not challenge the court's compliance with Rule 32 at sentencing. The government does not argue that if the district court erred, those errors were not plain. In any event, the violations here amount to plain error. *See United States v. Doe*, 705 F.3d 1134, 1155–56 (9th Cir. 2013) (Rule 32); *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 741 (9th Cir. 2009) (safety valve).

understand and the objections are overruled." The court disposed of the objections as a matter of law, but it made no findings as to the disputed facts nor stated that they were irrelevant to sentencing. Thus, the court did not comply with Rule 32(i)(3)(B), and its post-sentencing adoption of the PSR cannot cure the error. *See United States v. Fernandez-Angulo*, 897 F.2d 1514, 1516–17 (9th Cir. 1990) (en banc).

2.    The same silence renders unreviewable, and therefore erroneous, the district court's denial of safety-valve relief under 18 U.S.C. § 3553(f). A defendant who is subject to the § 3B.1(c) sentencing enhancement is automatically ineligible for the safety valve. *See* 18 U.S.C. § 3553(f)(4); *Doe*, 705 F.3d at 1156 n.13. But the district court did not resolve the disputed facts weighing on the sentencing enhancement or explicitly find that Fejeran was subject to it. Nor did the court discuss any of the other safety-valve eligibility factors. Thus, the record is unclear as to the basis for denying safety-valve relief. And § 3553(c) independently required the court to provide reasons for its safety-valve determination, but it did not. *United States v. Real-Hernandez*, 90 F.3d 356, 360 (9th Cir. 1996). The court's lone statement that it "had to conclude" that Fejeran was ineligible does not satisfy that requirement or permit meaningful appellate review of the district court's determination. *See id.*; *United States v. Rangel-Guzman*, 752 F.3d 1222, 1226–27 (9th Cir. 2014) ("We decline the government's invitation to guess what

the district judge was thinking.").

**VACATED and REMANDED.**[2]

---

[2] Because we vacate and remand, we do not reach Fejeran's remaining challenges.